[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



FILED
8/4/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXM

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| PETE SZMURLO, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| TK ELEVATOR (THYSSEN KRUPP), et al. | ) |
| Defendant | ) |

**Case Number**: 1:25-cv-07099

**Judge:** John J. Tharp, Jr.

**Magistrate Judge:**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PLAINTIFF'S COMBINED MOTION FOR RECUSAL AND REMAND

Plaintiff, Pete Szmurlo, Pro se, respectfully proceeds under protest due to lack of jurisdiction as follows:

## I. JURISDICTIONAL STATEMENT

This Court lacks authority over:

- IHRA claims (775 ILCS 5/8-111(D): "No removal to federal court");

- Hate crimes (720 ILCS 5/12-7.1: exclusive state jurisdiction);

- Eavesdropping felonies (720 ILCS 5/14-2: criminal statute non-removable).

## II. RELIEF REQUESTED

1. Recusal of Judge Tharp under 28 U.S.C. § 455(a) (ex-CCCC 2025L006063) to a neutral judge.

2. Remand of newly removed Case 1:25-cv-07099 (ex-CCCC 2025L006063) to state court.

3. Leave to amend complaint and complete service post-remand.

4. Tolling of all deadlines until 30 days after remand.

## III. RECUSAL OF JUDGE THARP  28 U.S.C. § 455(a)

A. Objective Bias and Pending Litigation

  - *Szmurlo v. Tharp Jr.*, 2025L008621 (Exhibit A) creates direct conflict. Hearing set for 9/4/25 adversarial relationship.

  - *Liteky v. U.S.,* 510 U.S. 540 (1994) (recusal required when impartiality questioned).

- FISA judicial role conflicts with denial of Illinois eavesdropping law (720 ILCS 5/14-2) at 11/21/24 hearing.

B. Pattern of Merit-Suppression

  - Denied leave to amend pre-dismissal (4/4/25) despite purely state-law claims.

  - Blocked transcript production for 240+ days, sabotaging state proceedings.

  - Evidence Suppression via 240-day transcript delay conceals admission of felony eavesdropping (720 ILCS 5/14-2) and judicial bias.

C. Judicial Misconduct:

  - Ignored Illinois eavesdropping law (720 ILCS 5/14-2) despite FISA judicial role.

  - Blocked transcript production for 240+ days, sabotaging state proceedings.

creates unavoidable conflict. Liteky v. U.S., 510 U.S. 540 (1994).

D.   - Prior recusal motions (12/19/24 Motion to Reassign; 7/23/25 Motion for Reconsideration) documented:

   - Contradictory transcript orders (ECF 80 vs. ECF 181 vs. ECF 183)

   - Ignoring felony evidence (720 ILCS 5/14-2).

E. Direct Personal Interest: Hearing set 9/4/25 means Tharp has/had conflict of interest, and doesn't know Illinois law, or recklessly disregards it.

  - Pending lawsuit against Judge Tharp ( *Szmurlo v. Tharp Jr. et al.*) creates unavoidable conflict.

  - Litigant vs. judge relationship inherently compromises impartiality (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)).

F. Pattern of Favoritism Toward Defendants:

  - Ignored evidence of felony perjury AND eavesdropping (720 ILCS 5/14-2) admitted at 11/21/24 hearing.

- Blocked IFP production for 239+ days despite CCCC fee waiver granted 9/3/202   and May 2025 (ECF 181), sabotaging appeals.

- Allowed forum-shopping by reassigning removed case (2025L006063) to himself via Local Rule 40.3(b)(2) despite new, non-removable claims (IHRA retaliation, 775 ILCS 5/8-111(D)).

G. Contradictory Rulings:

- ECF 46-181 (10/31/24-6/24/25): Denied IFP.

- ECF 80 (12/1/24): Denied transcript as "unnecessary."

- ECF 181 (6/25/25): Granted transcript at government expense.

- ECF 183 (7/22/25): Blamed Plaintiff for non-production—violating judicial estoppel (*New Hampshire v. Maine,* 532 U.S. 742 (2001)).


## IV. FACTUAL BACKGROUND: RETALIATORY REMOVAL AS HATE CRIME

A. Sabotage of CCCC Fee Waiver & Service Process

1. Fee Waivers Granted: CCCC approved fee waivers (8/22/24, 9/3/24, 5/25/25) based on Plaintiff's indigency (SNAP/Medicaid).

2. Service Refusal: Defendants **denied waiver of sheriff service,** then removed **pre-service** to:

- Block IHRA claims (90-day deadline expires ~8/2025);

- Manufacture "no service" defense.


B. Removal = Disability Harassment Under Hate Crime Act

Defendants' removal:

1. Weaponizes poverty against Plaintiff's documented disabilities (Long COVID, PTSD, hearing loss);

2. Mocks disability accommodations by forcing federal litigation requiring physical appearances;

3. Violates 720 ILCS 5/12-7.1: **"Intimidation by threat of ... financial harm"** based on disability.

C. SLAPP Tactic to Avoid CPA Accountability

Removal is a **sham petition** under 735 ILCS 110/15 to:

- Evade CPA fee-shifting for defamation/retaliation;

- Conceal NLRB charges (13-CA-333203) and OSHA fraud;

- **Perpetuate forced labor conditions**: By blocking employee file/property/rights/wage claims, Defendants impose **"involuntary servitude"** (720 ILCS 5/10-9).

D. Catch-All Vacatur Doctrine

Defendants' conspiracy to:

- Usurp NLRB jurisdiction (charges 13-CA-333203);

- Steal CCCC fee waivers;

- Forced labor conditions (withholding wages + SNAP/Medicaid sabotage)

... voids all immunity defenses (*Adcock v. Brakegate*). No err pennington doctrine voids immunity for perjured oaths (IIED).

**V. ARGUMENT: REMOVAL IS VOID & UNLAWFUL**

A. Jurisdictional Void Under **Catch-All Vacatur Doctrine**

1. Non-Unanimous Removal: Only TK Elevator "consented"—6 IL-based defendants did/could not join (*Baldridge v. Kentucky-Ohio Transp.*).

2. Non-Removable Claims:

   - Eavesdropping felonies (state criminal statute);

   - IHRA claims (express statutory bar);

- Hate crimes (no federal analogue).

3. Younger Abstention: Federal courts cannot enjoin state criminal prosecutions or civil liability (*Younger v. Harris)*.


B. Removal = Retaliatory Hate Crime & SLAPP

1. CPA Violation (735 ILCS 110/15): Removal targets protected speech (CCHR/IDOL/IHRA/OSHA/NLRB whistleblowing) to inflict financial ruin.

2. Hate Crime Enhancement (720 ILCS 5/12-7.1): Defendants' actions:

   - "Knowingly threatened financial harm"* to suppress disability rights;

   - "Conspired to deprive civil rights" (IDHR/EEOC filings).

3. Equitable Estoppel: Defendants cannot refuse service then remove **(People v. $1,124,905)**.


C. Urgent Need to Amend Complaint

1. EEOC Right-to-Sue Deadline: IHRA claims must be filed in CCCC within 90 days (expiring ~8/2025).

2. New Defendants: Individual managers directed:

   - Disability mockery ("COVID is fake");

   - Eavesdropping (secret recordings);

   - Wage theft          IDOL complaints).


**VI. REMAND OF CASE 1:25-cv-07099 (28 U.S.C. § 1447(c))**

A. Procedural Defects

   1. Pre-Service Removal Void

      - Removed **before service completed** (735 ILCS 5/2-202).

- Defendants refused waiver (Exhibit B, 6/4/25 email).

- *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) (formal service required).

- Likely of success on the merits is irreparably harmed when, after a jury trial, the Defendant's will then claim they weren't served properly via sheriff, and refused to waive service.

- CCCC fee waiver granted and ILND cannot review a final state judgement.

- New right to sue issued post filing, needing filing asap in CCCC, IHRA retaliation claims (775 ILCS 5/6-101) are expressly non-removable under 775 ILCS 5/8-111(D).

- Post-4/4/25 claims are purely state-law issues with no federal nexus.

2. CCCC Retained Jurisdiction

- Struck complaint on 7/2/25 for non-appearance, confirming state court control post-removal. (Exhibit D). Ongoing appeal to vacate strike.


B. Lack of Subject Matter Jurisdiction

1. No Federal Claims

- Defamation/IIED: 250-year state common law tradition with no federal analog (*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)).

- IHRA retaliation (775 ILCS 5/6-101) non-removable per 775 ILCS 5/8-111(D). Right to sue letters pending, and EEOC workshare right to sue issued in May 2025.

- IPRRA right to letter issued 6/25/25.


2. No LMRA/ERISA Preemption

- Claims require zero CBA interpretation:

- *Lingle v. Norge*, 486 U.S. 399 (1988) (state tort claims independent of labor law).

- *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888 (Ill. 1994) (IIED against union not preempted).

- Compliance with both state and federal law is required, as Judges typically find. NLRB pending charges are unadjudicated on their merits, and no federal questions on the face of the complaint. Defendants sham removal to avoid an Illinois jury trial on the merits, is not a claim made on the face of the complaint and Plaintiff expressly disclaims all federal claims from this suit. See Perrin v. Walker, 385 F. Supp. 945, 948 (E.D. Ill. 1974); cf. Pettitt v. Boeing Co., 606 F.3d 340, 343 (7th Cir. 2010) (district courts may not remand sua sponte after the 30-day deadline for a motion to remand under § 1447(c) has passed).

- Several non-diverse Illinois defendants fraudulently joined sham filed removal papers, and are not subject of preemption. No genuine efforts to certify false statements, a pattern known of knowingly false statements to harm public participation. No basis for jurisdiction exists due to improper service, and no federal questions. - *Adcock v. Brakegate*, Ltd., 645 N.E.2d 888 (Ill. 1994) (state tort claims independent of labor law).

C. Improper Reassignment:

- Local Rule 40.3(b)(2) does not apply: New claims accrued after dismissal of original case (*River Park v. City of Highland Park*, 703 N.E.2d 883 (Ill. 1998)). Defendants' Motion for Reassignment to Judge Tharp (1:25-cv-07099, ECF 7). Defense counsel refused service waiver to manufacture removal pretext. Sanctions warranted under 28 U.S.C. § 1927, and treble damages under CPA ANTI SLAPP fee shifting.


## VII. NEW EVIDENCE AND TIMELY REFILING DEFEATS MERITLESS RES JUDICATA

A. Illinois Savings Clause (735 ILCS 5/13-217)

- Dismissal of 1:24-cv-09900 (4/4/25) was without prejudice.

- Refiled 5/5-7/25 within 1-year period.

B. Contradictory Oaths = New Defamation

  - OSHA: "No discipline 7/10/23 or 7/14/23" vs. CCHR: "Discipline 7/10/23 and no discipline on 7/13/23." (new publications to distinct audiences). This offsets the wide disseminations discovered on 9/19/23, praise from 4/21/24, and retraction of praise on 6/16/25, after admitting on 12/5/24 in ECF 86 of 09900 that retractions exist. Plaintiff couldn't have brought these claims earlier, as he relied to his detriment on the filed retractions, now Defendant's claim don't exist. 09900 ECF 108-109: "Discipline issued 7/10/23" but doesn't state how, and is knowingly false since ECF 16 IUEC swears no discipline files on 7/10/23, along with that complaint on it's face alleged no such thing. Contradictory oaths extend to abstention, since open NLRB charges are prejudiced by Tharps willingness to usurp IL law and NLRB law, and sidestep case precedent of *Garmon abstention. (Exhibit C)*

  - SOL tolled until 4/15/25-6/16/25 discovery (735 ILCS 5/13-216). SOL also tolled for working outside of IL for over 120+ days between 2023-2025. Furthermore defamation SOL is 5 years for permanent publications. Rolling IPRRA violations are a new violation each day. Contradictory oaths = IIED and estoppel.

C. Contradictory oaths (post-4/4/25) constitutes new publications to distinct audiences (libel/slander per 740 ILCS 145/1) and perjures or estops publications of permanent 5 year defamation to distinct audiences (peers/OSHA/CCHR/ILND) with separate libel or slander.

D. Tolling of Limitations:

  - 735 ILCS 5/13-216 (5-year SOL).

  - Discovery delayed until 4/15/25-6/16/25 due to Plaintiff's out-of-state work (IN/MI/NY/TX) and new inconsistent perjury, with refused discovery by Tharp and Defendants in 2024 and 2025.

## VIII. PROTECTION FROM SANCTIONS

A. Defense Counsel's Bad Faith

  - Threatened removal of all future state filings to chill valid claims.

  - Violated pre-conference settlement requirements.

B. This Motion Is Legally Warranted

  - Documents judicial obstruction of state remedies.

  - Seeks only remand/recusal—not escalation.

C. Plaintiff's motions are legally justified and necessary to:

  Expose judicial obstruction of state-court remedies.

  Challenge ultra vires acts (withholding transcripts despite IFP grant).

  Defend against defense forum-shopping and bad-faith removals.

Plaintiff seeks only to preserve rights—.

## IX. DEFENDANTS' ABUSE OF PROCESS

A. Sham Removal Threats

  - 7/14/25 sanction threats to remove any state filing, chilling First Amendment activity. Sham removal(s) violate Noerr-Pennington doctrine. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972). (Emphasis by Plaintiff).

B. Anti-SLAPP Forfeiture

  - Never filed anti-SLAPP motion in state court (735 ILCS 110/15).

  - Removal intended to avoid fee-shifting for protected petitions (IDOL/OSHA/NLRB) and intended to sabotage CCCC fee waiver. Their sanctions and threats of intimidation and

harassment litigation to file sham removal suits, exacerbates state law safeguards against weaponized removal tactics to avoid merits review. Defendants admitted, implicitly, that they fear merits review in CCCC. Defendants previously admitted explicitly, as their defense, that they couldn't and shouldn't have to comply with state law, and Tharp agreed that Defendants don't have to follow state law and gave them federal immunity while not considering their privilege is a defense, and not on face of complaint pled, violating well pleaded complaint rule.

## X. CPA SLAPP IMPLICATIONS

Removal and or sanctions against Plaintiff would abridge the **public's right to receive information** about judicial misconduct:

- *Stanley v. Georgia*, 394 U.S. 557 (1969): "Constitution protects right to receive information and ideas."

- *Va. St. Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748 (1976): "Right to speak includes reciprocal right to receive."

## XI. RELIEF SOUGHT

1. Recuse Judge Tharp immediately, from all cases involving Plaintiff.

2. Remand 1:25-cv-07099 to CCCC to:

  - Complete service

  - Amend complaint (add EEOC right-to-sue 5/25/25, IHRA right to sue, new defendants)

  - Advance merits review per Illinois policy (*Adcock*, 645 N.E.2d at 894).

3. Toll deadlines 30 days post-remand (735 ILCS 5/13-216).

4. Award CPA sanctions against Defendants for SLAPP removal (735 ILCS 110/25). (treble damages + fees);

5. Refer counsel to ARDC for ethics violations.

6. **STAY** removal pending ruling.

7. Alternatively, **DISMISS** Notice of Removal as void.

8. **GRANT LEAVE** to file Amended Complaint.

## XII. CONCLUSION

Judge Tharp's biases, evidence of law suppression, and defense counsel's procedural sabotage demand emergency intervention to prevent irreparable harm to Plaintiff's statehood rights and access to justice.

## CERTIFICATE OF SERVICE

Served via email/CM-ECF to all counsel of record on July 24, 2025.

Respectfully submitted,

/s/ Pete Szmurlo

Pete Szmurlo, Pro Se

7951 Calumet Ave. #1142, Munster, IN 46321

(219) 544-1724 | peterszmurlo@gmail.com

## ATTACHMENTS

- Exhibit A: Szmurlo v. Tharp Jr. (2025L008621) Cover Sheet

- Exhibit B: Defense Counsel's Service Waiver Refusal (6/4/25 Email)

- Exhibit C: NLRB open pending merits against TKE/IUEC

- Exhibit D: Strike Order issued in CCCC 7/2/25

# Exhibit A

Law Division Motion Section Initial Case Management Dates for CALENDARS W, X, Y, Z will be heard in person
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 9/4/2025 9:00 AM

FILED
7/9/2025 1:06 PM
Martha Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L008621
Calendar, E
33487681

FILED DATE: 7/9/2025 1:06 PM    2025L008621

# COVER PAGE COOK COUNTY CIRCUIT COURT JURISDICTION ASSERTED
## 2025L008621

*This complaint exclusively alleges:* Violations of Illinois statutes (720 ILCS 5/ 32-4, 705 ILCS 40/4, etc.) , Harms occurring within Cook County's judicial system, Administrative mandamus against federal officers acting *ultra vires.* No federal claims asserted per 735 ILCS 5/2-201.

**Page 3 ¶2**: "Injuries & Harm occurred within Cook County's judicial apparatus"

**Page 8 ¶20**: Jurisdiction anchored in 735 ILCS 5/2-201 (Illinois state claims)

**Page 8 ¶21**: Venue proper under 735 ILCS 5/2-101 (acts occurred in Cook County)

**Page 21 ¶63**: Mandamus sought under **Illinois** statute (735 ILCS 5/14-101)

Under *Healy v. Metro Pier & Exposition Auth.*, 804 N.E.2d 163 (Ill. App. 2003), state courts retain jurisdiction over federal officers performing non-judicial acts. Plaintiff alleges administrative failures (transcript suppression) – not judicial decisions.

1. Clerk improperly rejected complaint on 7/09/25, erroneously claiming it belongs in federal court.

2. Jurisdiction is proper under 735 ILCS 5/2-201 because:

   a) All 15 counts arise under ILLINOIS law (see pp. 15-23)

   b) Harms occurred in Cook County's judicial system (¶¶2, 30)

   c) Mandamus targets ultra vires administrative acts (¶63)

3. Irreparable harm: Seventh Circuit appeal (No. 25-1941) will be dismissed by 7/21/25 without transcript. WHEREFORE, Plaintiff prays:

A. Order directing Clerk to accept and file complaint immediately



**BC**

# U.S. District Court for the Northern District Of Illinois
## Appearance Form for Pro Se Litigants



**FILED**

**GMM**

12/18/2024

THOM. S G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney). **Please PRINT legibly.**

Pete Szmurlo
v.
Case Title: John J. Tharp Jr., Alberta Rone, Danielle Kays

Case Number: _____

An appearance is hereby filed by the undersigned as a pro se litigant: 1:24-cv-12986
Judge Jeremy C. Daniel
Magistrate Judge Heather K. McShain
RANDOM / Cat. 3

Name: Pete Szmurlo

Street Address: 7951 Calumet Avenue #1142

City/State/Zip: Munster, IN 46321

Phone Number: 2195441724

Signature

Executed on (date): 12/18/2024

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive notice via e-mail. By checking the box and providing an e-mail address, under Federal Rule of Civil Procedure 5(b)2(E) you are waiving your right to receive a paper copy of documents filed electronically in this case. You should not provide an e-mail address if you do not check it frequently.

☑ I request to be sent notices from the court via e-mail. I understand that by making this request, I am waiving the right to receive a paper copy of any electronically filed document in this case. I understand that if my e-mail address changes I must promptly notify the Court in writing.

peterszmurlo@gmail.com

**E-Mail Address (Please PRINT legibly.)**

Rev. 06/23/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# Exhibit B



**John Doe <peterszmurlo@gmail.com>**

---

## Waive service

3 messages

---

**Urgent Message** <peterszmurlo@gmail.com>                                          Tue, Jun 3 at 11:26 AM
To: <bernover@litchfieldcavo.com>, <simental@litchfieldcavo.com>, <hoppe@litchfieldcavo.com>,
<davies@litchfieldcavo.com>, Chuck Gilligan <cgilligan@odonoghuelaw.com>, Kristen Brooks
<kbrooks@odonoghuelaw.com>, <ldicaro@fisherphillips.com>, <orddocketing@fisherphillips.com>, Kays, Danielle
<dkays@fisherphillips.com>, Jennifer Simon <jsimon@odonoghuelaw.com>, <KGay@drm.com>,
<kristina.wright@ogletree.com>, <CHIDocketing@ogletreedeakins.com>, John Doe <peterszmurlo@gmail.com>, Stover,
Shane <sstover@fisherphillips.com>, Terrance McGann <tmcgann@mkrlaborlaw.com>, <ggulino@mkrlaborlaw.com>,
<krioux@mkrlaborlaw.com>, Tammy Kroll <tkroll@mkrlaborlaw.com>, <tcopeland@drm.com>, Tyler McCaffery
<tmccaffery@odonoghuelaw.com>, <mkellam@lanermuchin.com>

Hello all,

I hope this email finds you well.

I've filed in state court. Would you be so kind to waive sheriff service, and take service directly?

Thank you,
Pete Szmurlo

---

**Chuck Gilligan** <cgilligan@odonoghuelaw.com>                                          Wed, Jun 4 at 9:26 AM
To: Urgent Message <peterszmurlo@gmail.com>, bernover@litchfieldcavo.com <bernover@litchfieldcavo.com>,
simental@litchfieldcavo.com <simental@litchfieldcavo.com>, hoppe@litchfieldcavo.com <hoppe@litchfieldcavo.com>,
davies@litchfieldcavo.com <davies@litchfieldcavo.com>, Kristen Brooks <kbrooks@odonoghuelaw.com>,
ldicaro@fisherphillips.com <ldicaro@fisherphillips.com>, orddocketing@fisherphillips.com
<orddocketing@fisherphillips.com>, Kays, Danielle <dkays@fisherphillips.com>, Jennifer Simon
<jsimon@odonoghuelaw.com>, KGay@drm.com <KGay@drm.com>, kristina.wright@ogletree.com
<kristina.wright@ogletree.com>, CHIDocketing@ogletreedeakins.com <CHIDocketing@ogletreedeakins.com>, Stover, Shane
<sstover@fisherphillips.com>, Terrance McGann <tmcgann@mkrlaborlaw.com>, ggulino@mkrlaborlaw.com
<ggulino@mkrlaborlaw.com>, krioux@mkrlaborlaw.com <krioux@mkrlaborlaw.com>, Tammy Kroll <tkroll@mkrlaborlaw.com>,
tcopeland@drm.com <tcopeland@drm.com>, Tyler McCaffery <TMcCaffery@odonoghuelaw.com>,
mkellam@lanermuchin.com <mkellam@lanermuchin.com>

Mr. Szmurlo,

Local 2 and its associated entities are not willing to waive sheriff's service in this matter.

Charles Gilligan

**Charles W. Gilligan | Partner**

5301 Wisconsin Avenue, NW

Suite 800

Washington, DC 20015

202-362-0041 | 202-251-4384 (cell)

cgilligan@odonoghuelaw.com

www.odonoghuelaw.com

Confidentiality Notice and Disclaimer:  This e-mail is from a law firm.  It may be protected by the attorney-client privilege or as attorney work-product.  If you received the message by error, please notify the sender that you received it by replying to this e-mail and then delete it from your computer.  Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship, if one does not otherwise exist, or as a consent to conduct business by any electronic medium.

[Quoted text hidden]

---

**Urgent Message** <peterszmurlo@gmail.com>                                   Wed, Jun 4 at 10:01 AM
To: Chuck Gilligan <cgilligan@odonoghuelaw.com>

Good morning all,

Chuck I gathered that much yesterday but appreciate the response.

Thanks,
Pete Szmurlo
[Quoted text hidden]

# Exhibit C

11:47





**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Mr. Szmurlo:

Thank you for reaching out to us.

The NLRB doesn't have control over any other state or local judiciary, so it is unable to stay proceedings in another jurisdiction.

Your cases against both your Union and Employer remain under investigation. No final judgment as to their merits has been rendered.

It may be helpful if I explain our administrative processes to you. If you have time tomorrow, I am available in the morning. Please contact me at 312-353-4162.

• • •

↩ Reply    ↩ Reply all    → Forward    ☺

**Exhibit D**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FIRST MUNICIPAL DISTRICT LAW DIVISION

PLAINTIFF:    Szmurlo Richard Pete

            V.                          CASE NUMBER:    2025L006063

DEFENDANT:    TK Elevator (Thyssen
              Krupp)

ORDER

This case was heard on .

Strike or Withdraw Motion or Petition-Allowed. (4284) *1331*

JUDGE: _____

Judge Moira Johnson-1836

JUL 02 2025

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL