IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETE SZMURLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 07099 |
| | ) | |
| TK ELEVATOR Corp. et al. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

For the reasons outlined in the accompanying statement, the defendants' motion to dismiss [40] is granted and the defendants' motions for injunctive relief [25] and sanctions [45] are granted. The plaintiff's motions for recusal and remand [14] [16], extension [44], and preliminary relief [15] are denied as moot. Final judgment order and sanctions order to follow.

**STATEMENT**

The history of this employment dispute has been described at length in the Court's orders in *Szmurlo v. TK Elevator Corp.*, No. 24-cv-09900 ("*Szmurlo I*"). *See generally* Order & Statement ("Recusal Order"), *Szmurlo I*, ECF No. 98; Order & Statement, *Szmurlo I* ("Remand Order"), ECF No. 108; Order & Statement, *Szmurlo I* ("Stay Order"), ECF No. 138; Order & Statement, *Szmurlo I* ("Dismissal Order"), ECF No. 156. To summarize, Plaintiff Pete Szmurlo was terminated by defendant TK Elevator Corp. ("TK Elevator") in July 2023. In the termination letter (and a preceding warning letter), the company cited chronic tardiness and absenteeism, refusal to take direction, and poor work performance. Company officials reiterated those reasons in a hearing before the Joint Apprenticeship Committee of the International Union of Elevator Constructors Local 2 (JAC). The other defendants in the case are former employers of the defendant and members of the JAC.

Szmurlo responded by suing his former employers and union for defamation and intentional infliction of emotional distress ("IIED") in Cook County Circuit Court. The defendants removed on the grounds that the plaintiffs' claims were preempted by the Labor Management Relations Act. After protracted litigation, this Court granted the defendants' motion to dismiss for failure to state a claim, dismissing the plaintiff's complaint without prejudice. *See* Dismissal Order 1; *see also* Minute Entry, *Szmurlo I*, ECF No. 165.

Rather than amend, the plaintiff filed a new lawsuit in Cook County Circuit Court. The defendants removed once again and filed the motion to dismiss now under review. *See* Defs.' Mot. to Dismiss ("Dismissal Motion"), ECF No. 40.

1. **Motion to Dismiss**

The defendants contend that the plaintiff's new complaint is barred by the doctrine of res judicata because it attempts to relitigate previously dismissed claims. Dismissal Motion 6-8. The Court agrees.

"Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). To invoke that doctrine, the defendants must establish "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quotations omitted).

The second and third prongs are not in doubt. All parties to this action were previously named. And the original action culminated in final judgment on the merits. *See* Judgment Order, *Szmurlo I*, ECF No. 167; *see also Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("[W]hen a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one").

The first prong of the res judicata analysis is also met. The Seventh Circuit has "consistently explained [that] two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (quotations omitted) (collecting cases). The operative complaint cements itself in the same facts that gave rise to the first action: TK Elevator's termination of Szmurlo and statements subsequently explaining the basis for that decision. Indeed, the complaint acknowledges as much, expressly "integrat[ing] all factual allegations from the [previous] filings" and alleging claims that "aris[e] from the identical core facts pleaded in the Original Complaint." Am. Compl. 3 ¶¶ 8-9, ECF No. 47. The fact that the plaintiff affixed novel labels to his claim is immaterial. "[D]ifferent legal theories [] do not multiply the number of claims for relief. One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). Accordingly, "even if [the plaintiff's] legal theory changed between the first and second suits, both cases alleged wrongful [termination] and thus shared the same core factual basis for res judicata purposes." *Barr v. Bd. of Trustees of Western Ill. Univ.*, 796 F.3d 837, 841 (7th Cir. 2015); *see also id.* at 840 (finding that a plaintiff's new theory for the reason behind their termination did not affect the res judicata analysis because "both suits arise out of the same main event"); *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or

events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata.").

Even if the plaintiff had alleged a new claim, his complaint would still be barred. "Where it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not." *Palka*, 662 F.3d at 437. All alleged misconduct occurred well in advance of the original complaint and could have been included—or, at the very least, included in a timely amendment. The Court offered an opportunity to amend that was never accepted. *See* Dismissal Order 1. The plaintiff may not resurrect his claims at this late juncture, long after the window for amendment has closed and final judgment as been entered.

Because each named party appeared in the Original Action, that action culminated in final judgment on the merits, and all claims in the operative complaint arise from the same factual allegations at issue in the Original Action, the plaintiff's complaint is barred by the doctrine of res judicata. The complaint is therefore dismissed with prejudice.

## 2. Motion for Sanctions

The defendants separately move to enjoin the plaintiff from future filings, contending that the plaintiff has engaged in "abusive litigation [that] is harassing, vexatious and oppressive [and] clearly brought without reasonable inquiry and for improper purposes." Defs.' Mem. in Supp. of Sanctions 1, ECF No. 46.

Rule 11 requires litigants to certify that their filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Litigants must also certify that that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* 11(b)(2). Upon notice and opportunity to be heard, courts may "impose an appropriate sanction" on a party who files in violation of those rules. *Id.* 11(c)(1). Courts also possess "inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotations omitted).

The Court's inherent and codified authority to sanction abusive litigation practices includes the authority to enjoin further vexatious filings. *See Carr*, 591 F.3d at 920-21 (noting that filing injunctions "are standard remedies for misconduct in litigation"); *In re Anderson*, 511 U.S. 364, 365 (1994) ("bar[ring] [a] petitioner from filing any further requests" after multiple frivolous filings); *In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007). "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to . . . restrict[] that litigant's access to the court." *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) (quotations omitted). Such remedies are considered extraordinary, *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017),

and courts must take care to balance their "obligation to protect and preserve the sound and orderly administration of justice" with the plaintiff's "undeniable right of access to the court's processes," *Lysiak*, 816 F.2d at 313.

The plaintiff's conduct in this and the parallel cases warrants a filing injunction. The record before this Court documents a sustained and escalating pattern of frivolous and abusive litigation on the part of the plaintiff. That pattern began with the original lawsuit. *See Szmurlo I*, No. 1:24-cv-09900 (N.D. Ill. Oct. 10, 2024). After the Court denied the plaintiff's motion for a temporary restraining order, *see* Minute Entry, *Szmurlo I*, ECF No. 66, the plaintiff inundated the docket with a flood of repetitive and meritless filings. In the span of a few months, the plaintiff submitted more than twenty motions, including serial motions to remand, recuse, reconsider, sanction, stay, and vacate. The plaintiff appealed to the Seventh Circuit, despite clear precedent that TRO denials are not appealable. *See Szmurlo II*, No. 24-3202 (7th Cir. Dec. 3, 2024). When that appeal was, predictably, dismissed, *see id.* at ECF No. 12, the plaintiff continued to flood the appellate docket with additional motions, including one for "triple sanctions" against opposing counsel for fraud, perjury, and deceit. *Id.* at ECF No. 16. The Seventh Circuit summarily denied all motions and warned that "further repetitive or excessive filings may result in sanctions." *Id.* at ECF Nos. 18-19.

Plaintiff ignored that warning. Instead, he proceeded to file fifteen more motions in this Court, open a new Seventh Circuit case, and petition for a writ of mandamus. *Szmurlo I*, ECF Nos. 143-148, 150-154, 158, 161-164, 169, 172; *Szmurlo IV*, No. 25-1461 (7th Cir. Mar. 19, 2025). When those tactics failed, the plaintiff escalated by suing those who ruled against him. In December 2024, he filed a lawsuit against the Court, courtroom deputy, and TK Elevator's counsel, alleging a conspiracy to violate his constitutional rights. *See Szmurlo III*, No. 1:24-cv-12986 (N.D. Ill. Dec. 18, 2024) (dismissed on 2/28/25). In yet another appeal, he accused the Seventh Circuit of "complicit[y] in judicial sabotage. *See Szmurlo VI*, No. 25-1941 (7th Cir. June 2, 2025), ECF No. 21. Separately, the plaintiff named two Seventh Circuit judges in a lawsuit filed in Cook County, explaining that he was suing the judges "PERSONALLY for ultra vires acts executed in Chicago to sabotage" his claim and "*hold[] federal judges accountable for starvation torture and [] state-facilitated attempted murder.*" *Szmurlo VII*, Case No. 1:25-cv-09525 (Aug. 11, 2025), ECF No. 1-1 (emphasis in original). In yet another lawsuit, also initiated in Cook County, the plaintiff again sued the Court, court reporter, defense counsel, and the Northern District of Illinois itself, alleging "felony eavesdropping," "civil rights conspiracy," and "wire fraud" on the theory that court personnel improperly prepared transcripts. *Szmurlo VIII*, No. 1:25-cv-09520 (N.D. Ill. Aug. 11, 2025), ECF No. 1-1.

Meanwhile, the plaintiff attempted to relitigate his dismissed claim in the original action through a broadside of meritless filings. Seeking to bypass this Court's rulings, the plaintiff reasserted his claim in Cook County, conjuring novel and unsupported legal theories from a stale set of facts. *See Szmurlo IX*, No. 2025L007621 (Cook Cnty. Cir. Ct. July 24, 2025). That attempt,

like the others, was devoid of any factual or legal basis and represents yet another effort to weaponize litigation against anyone associated with his prior cases.

Taken together, Plaintiff's conduct reveals a consistent pattern: (1) filing frivolous motions that recycle rejected arguments; (2) suing judges, staff, and counsel in retaliation for adverse rulings; (3) leveling baseless and inflammatory accusations of fraud, perjury, and physical harm on the part of the judiciary; and (4) ignoring judicial warnings while continuing to file duplicative and vexatious pleadings. These actions have consumed the resources of the defendants and the judiciary, caused unnecessary delay and expense, and undermined the orderly administration of justice. Worse, the filings have not been grounded in law or fact, but instead reflect a strategy of harassment, obstruction, and retaliation against adverse rulings. In light of the plaintiff's clear and sustained record of frivolous, bad-faith litigation, an injunction barring him from filing any future lawsuit arising from his termination from TK Elevator against any of the defendants named in the following cases: (i) 24-cv-9900; (ii) 24-cv-12986; (iii) 25-cv-7099; (iv) 25-cv-9520; and (v) 2025L007621. *See Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Carr*, 591 F.3d at 920-21 (observing that filing injunctions "are standard remedies" for such litigation misconduct).

It will be noted that this filing bar extends to filings in state court. Federal courts possess authority under their inherent powers, as well as under the All Writs Act, to "enjoin litigation in another court" when "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017). Given the plaintiff's well-documented history of abusing the federalized system to obstruct, resist, and ignore court orders, a blanket prohibition on the initiation of lawsuits against the defendants that applies across jurisdictions is "necessary . . . to protect or effectuate [the Court's] judgments" going forward. 28 U.S.C. § 2283; *see also Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015) (noting that federally issued litigation injunctions extending to state courts must comply with that requirement of the Anti-Injunction Act). Extending the bar to state court filings is particularly necessary here because much of the frivolous and vexatious litigation conducted by the plaintiff was in furtherance of his efforts to defeat removal of cases originally filed in state court. While such a broad remedy is severe, no lesser measure would be proportional to—or effective in light of—the plaintiff's flagrant abuse of the judicial process.

Because this action is barred by res judicata, the plaintiff's conduct violates Rule 11, and injunctive relief is necessary to protect and effectuate the Court's judgments, the complaint is dismissed with prejudice and the plaintiff is enjoined from filing a future action arising from his termination from TK Elevator against any of the defendants named in his prior filings.

\*   \*   \*

The integrity of our justice system rests on a foundational tenet: Outcomes should reflect the strength of a party's position on the merits. When the losing side refuses to accept an adverse decision, that tenet is jeopardized. When that side resorts to weaponizing the litigation process to impose costs on the winner, it is turned upside down. The plaintiff has treated his legal filings like shrapnel—pointless and erratic projectiles hurled in every direction in a deliberate attempt to maximize harm. That approach is fundamentally inconsistent with both Rule 11 and the principles of professional, adversarial presentation upon which it is premised. It ends now.

Date: August 27, 2025

John J. Tharp, Jr.
United States District Judge

6