Case: 1:25-cv-07099 Document #: 62 Filed: 09/29/25 Page 1 of 4 PageID #:1998

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETE SZMURLO, | **Case Number**: 1:25-cv-07099 |
| Plaintiff | |
| v. | **Judge:** John J. Tharp, Jr. |
| TK ELEVATOR (THYSSEN KRUPP), et al. | **Magistrate Judge:** |
| Defendant | |

## MOTION FOR NUNC PRO TUNC DETERMINATION

Plaintiff PETE SZMURLO, proceeding pro se, respectfully moves this Court, pursuant to its inherent authority and Fed. R. Civ. P. 60(a), for an order (1) deeming the Notice of Appeal filed on September 26, 2025 (ECF No. unassigned), as filed nunc pro tunc to September 25, 2025, and (2) correcting the record to reflect that the original submission error was a good-faith oversight. In support, Plaintiff states:

1. Timely but Defective Submission: On September 25, 2025, within the 30-day appeal period, Plaintiff submitted a document containing a Notice of Appeal and a Motion to Proceed In Forma Pauperis.

2. Clerk's Rejection and Instruction: The Clerk's Office correctly returned the document unprocessed on September 25, 2025, instructing Plaintiff to "separate different documents so that we may process them correctly."

3. Immediate Remedial Action: In immediate compliance with the Clerk's instruction and to perfect a timely appeal, Plaintiff filed a standalone Notice of Appeal on September 26, 2025 (ECF No. [unassigned).

4. Basis for Nunc Pro Tunc Relief: The purpose of a nunc pro tunc order is to have the record "speak the truth" and reflect what actually occurred. See, e.g., United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987). Plaintiff's intent to file a timely notice of appeal on September 25 is unequivocal. The initial rejection was due to a procedural formatting error, not a lack of diligence or a jurisdictional defect. Courts routinely grant nunc pro tunc relief under such circumstances to prevent a minor technical error from barring an appeal. See, e.g., *Perkins v.*

*Donahoe*, No. 1:2013cv05226 - Document 44 (N.D. Ill. 2014).

5. Explanation of Oversight: The initial notice also contained a scrivener's error regarding the appellate forum, an oversight arising from Plaintiff's concurrent evaluation of non-frivolous arguments concerning intra-circuit forum non conveniens. The standalone notice filed on September 26, 2025, has corrected this error.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

a) Determining that the Notice of Appeal at ECF No. [unassigned] is deemed filed nunc pro tunc to September 25, 2025; and

b) Correcting the record to reflect that Plaintiff's initial filing was a timely, good-faith attempt to perfect an appeal, with any errors being clerical and promptly cured.

Respectfully submitted,

/s/ Pete Szmurlo

Pete Szmurlo, Pro Se

7951 Calumet Avenue, #1142

Munster, Indiana 46321

(219) 544-1724

peterszmurlo@gmail.com

Dated: September 26, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the BOXPDFsystem. Also sent motion via email to all counsel of record. /s/ Pete Szmurlo Pete Szmurlo