[If you need additional space for ANY section, please attach an additional sheet and reference that section.]





**FILED**

10/29/2025

GMC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

PETE SZMURLO,

        Plaintiff

        v.

TK ELEVATOR (THYSSEN KRUPP), et al.

        Defendant

)
)
)
)
)
)
)
)

**Case Number**: 1:25-cv-07099

**Judge:** John J. Tharp, Jr.

**Magistrate Judge:**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PLAINTIFF'S 10-29-25 NOTICE OF APPEAL

Please take notice that Plaintiff Pete Szmurlo is appealing this case to the United States Court of Appeals for the Seventh Circuit.

Parties

Plaintiff: Pete Szmurlo

Defendants: TK Elevator Corp., International Union of Elevator Constructors Local 2, National Elevator Industry Educational Program, Joint Apprenticeship Committee of Local 2 Chicago, Kone Elevator Inc., Otis Elevator Co., Schindler Elevator Corp.

Notice is hereby given that Plaintiff Pete Szmurlo, proceeding pro se, appeals to the

United States Court of Appeals for the Seventh Circuit from the following orders entered in this action:

I. ORDERS BEING APPEALED

I am appealing the following final decisions of this Court:

1. The Order Denying Plaintiff's Motion for Recusal (ECF No. 19), entered on or about August 6, 2025.

2. The Final Judgment Order that threw out my case (ECF No. 53), filed on August 27, 2025.

3. The Order that blocks me from filing new lawsuits (ECF No. 54), filed on August 27, 2025. Sanctions and Filing Injunction Order (ECF No. 54), entered on August 27, 2025.

4. The Order that said I cannot appeal as a poor person (ECF No. 65), filed on October 3, 2025. All other orders that led to this final judgment, including the orders that refused to send my case back to state court.

II. REASONS FOR THE APPEAL (IN SIMPLE TERMS)

My lawsuit is about basic state law wrongs. The Defendants lied about me, conspired to destroy my reputation, and caused me severe emotional distress through actions in 2024 and 2025. These are classic state law claims for defamation, civil conspiracy, and intentional infliction of emotional distress.

This federal court was the wrong place for my case from the very beginning. Here is why the Court made critical errors that must be reversed:

A. The Court Never Had the Power to Hear This Case.

My Complaint only raised claims under Illinois state law. A defendant cannot simply yell "federal law!" to drag a state case into federal court. Yet, that is what happened here. The Defendants' entire defense is a federal issue, but a defense cannot create federal jurisdiction. My claims for lies and conspiracy stand on their own under Illinois law and do not require interpreting any union contract.

The District Court lacked jurisdiction over the 2025 Complaint, which alleges pure state-law torts (defamation, civil conspiracy, IIED, eavesdropping, IPRRA violations) and IHRA claims. These claims are based on new, independent factual occurrences in 2024 and 2025 that

are wholly outside any collective bargaining agreement and do not require its interpretation. The LMRA preemption defense was a sham from inception, as evidenced by Defendants' own sworn admissions in other forums that "no grievance was filed." The LMRA preemption defense was a sham from inception, as evidenced by Defendants' own sworn admissions in other forums that "no grievance was filed," admissible as party admissions under Fed. R. Evid. 408, 502, and 801(d)(2).

B. The Defendants Admitted My Claims Are Not a Federal Matter.

The Court initially denied the Defendants' request for an injunction because it was too broad and tried to block me from filing lawsuits over "unrelated matters." The Defendants then filed a new motion (ECF No. 72) asking to block me from suing over things "related to his termination." In doing so, they admitted that my new claims—like my SOX whistleblower case and my threats to sue their lawyers—are what they are really trying to stop. This proves that the core of my lawsuit is about new, independent wrongdoing, not my old job. This also proves that the legal doctrine of "res judicata" does not apply, as my claims are based on new facts that could not have been litigated before.

The defendants' injunction motions are instructive and confirm the lack of jurisdiction. The Court's initial denial of Defendants' overbroad injunction motion (ECF No. 71) correctly found that an injunction cannot restrict a plaintiff's access to courts for "unrelated matters." Defendants' subsequent, more tailored motion (ECF No. 72) seeks to enjoin claims "arising from or in any way related to his termination." By explicitly acknowledging that Plaintiff's ongoing administrative claims (SOX, OSHA, etc.) and threats to sue attorneys are what necessitate the injunction, Defendants have pleaded themselves out of federal court. Their own requested relief

admits that the gravamen of Plaintiff's claims are not the 2023 termination itself, but rather a continuing pattern of post-employment, extra-contractual tortious conduct—precisely the type of "unrelated matters" and independent state-law claims over which the District Court lacks LMRA preemption jurisdiction. Their injunction request functions as a de facto admission that no valid LMRA jurisdiction exists.

· This admission proves these are the precise type of "unrelated matters" over which the District Court lacks LMRA preemption jurisdiction.

· This admission proves that the claims in the 2025 Complaint could not have been litigated in the prior action, as they are based on new factual occurrences and seek new legal relief (i.e., redress for these new torts), rendering the application of res judicata a manifest error of law.

· The pending injunction motion (ECF No. 72) is, in effect, a request for a "reverse remand order"—an attempt by the Defendants to have a federal court enjoin state-law claims that the Court itself has already implicitly recognized fall outside its jurisdictional grant. This creates a fraudulent joinder scenario, leaving Plaintiff with no convenient forum for his state-law claims.


C. The Court Blocked My Right to a State Court Hearing.

The Court's order forbids me from filing any new lawsuits about this matter in any state or federal court. This is a profound error. My claims belong in state court. By issuing this blanket injunction, the Court has unlawfully slammed the courthouse door shut, violating a law called the Anti-Injunction Act. It has also made my state court fee waiver—which proves my indigence and was granted for these very types of claims—useless.

The filing injunction, which prohibits state court filings, is an ultra vires act that violates the Anti-Injunction Act, 28 U.S.C. § 2283. It unlawfully blocks access to the only proper forum

for adjudicating pure state-law claims, including non-removable IHRA claims which preempt and defeat any LMRA defense in state court. The Court cannot lawfully enjoin a litigant from pursuing state-law rights that exist independently of any employment contract, such as claims under the IPRRA, Illinois Eavesdropping Act, and for common-law torts like solicitation of a felony.

## D. The Court Interfered with Ongoing Government Investigations.

I have open charges with agencies like the NLRB and OSHA. Federal law requires courts to usually step back and let these agencies finish their work first. By rushing to dismiss my case, this Court disrupted that process. The District Court erred by asserting jurisdiction over claims that are the subject of open and ongoing NLRB charges. The Court's exercise of power constitutes a clear violation of the primary jurisdiction doctrine under Garmon and mandatory abstention principles under Younger and Buford. By adjudicating claims intertwined with pending NLRB investigations into post-7/13/23 conduct, the Court improperly pre-empted the NLRB's exclusive administrative processes. The ultimate review of the NLRB's decision rests with the appellate courts, not this District Court, making its intervention premature and unlawful. The claims alleged involve duties owed independently to all Illinois citizens and require no interpretation of any collective bargaining agreement, as confirmed by the Defendants' own injunction requests which seek to bar litigation concerning post-employment, non-grievance related conduct.

## D.1 The Court Lacks Supplemental Jurisdiction.

Having no original jurisdiction over the non-removable IHRA claims or the independent state-

law torts arising from post-7/13/23 conduct, the Court also lacked supplemental jurisdiction over any remaining state-law claims. 28 U.S.C. § 1367(a). The District Court's orders effectively nullify a valid Circuit Court of Cook County fee waiver granted on 5/27/25, which remains effective for one year and expressly covers IHRA claims. By dismissing the action and imposing a filing injunction, the District Court has denied Plaintiff the state forum chosen by statute and approved by the state court, violating principles of federalism and comity. The Court's discretion is bound by Seventh Circuit and Supreme Court precedent, as well as the duty to defer to Illinois law on matters of purely state concern.

The District Court's certification under 28 U.S.C. § 1915(a)(3) was an abuse of discretion. The substantial jurisdictional and abstention issues presented, coupled with the Court's interference with ongoing NLRB proceedings and state-court fee waivers, establish that this appeal raises non-frivolous legal arguments. Plaintiff's indigence is established by the state court's grant of a fee waiver, and the appeal is brought to vindicate the fundamental right of access to the proper forum.

See 735 ILCS 5/5-105 - Illinois General Assembly and 5/5-105.5.

The Removal Statute is Void for Each of the Fifteen (15) Counts. None of the pleaded counts presents a federal question on its face. The removal was a procedural nullity as to each independent state-law cause of action, including Defamation (Counts VII, VIII, IX), IIED (Counts XV, XVI, XVII, XVIII), Civil Conspiracy (Count XII), and statutory violations under IPRRA and the Illinois Eavesdropping Act. Caterpillar, 482 U.S. at 398-99.


E. The Court Wrongly Said My Appeal is "Not in Good Faith."
The Court certified that my appeal is not taken in "good faith," meaning I cannot proceed as a

poor person. This was an abuse of discretion. My appeal raises serious and legitimate questions about the Court's power and its errors. A challenge to a court's fundamental power to hear a case is always a "substantial" issue. My poverty is proven by the state court fee waiver. Denying me the ability to appeal because I am poor, while also blocking my access to any other court, is a denial of justice.

This appeal raises substantial questions of law regarding the limits of federal preemption and the integrity of state court access. The Defendants' own litigation conduct—seeking an injunction against claims they admit are "unrelated" to the LMRA—is objective proof of the non-frivolous nature of this jurisdictional challenge. Their strategy constitutes a bad-faith use of removal to inflict cost and delay rather than adjudicate the merits, creating a "stealth injunction" that has functionally denied Plaintiff any forum. This pattern of vexatious litigation tactics by the Defendants provides good cause for granting IFP status under 28 U.S.C. § 1915. Plaintiff's indigence is documented in the record, including prior grants of IFP and CCCC fee waivers.

## III. THE RELIEF I AM SEEKING

I ask the Seventh Circuit to:

1. Reverse the District Court's orders.

2. Send my case back to the District Court with instructions to immediately send it back to the Circuit Court of Cook County, Illinois, where it belongs.

3. Allow me to proceed with this appeal without paying the filing fees, as my appeal is brought in good faith and I am indigent.

Respectfully submitted,

/s/ Pete Szmurlo

Pete Szmurlo, Pro Se

7951 Calumet Avenue, #1142

Munster, Indiana 46321

(219) 544-1724

peterszmurlo@gmail.com

Dated: October 29, 2025


CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2025, I will serve this Notice of Appeal on all

counsel of record via the Court's CM/ECF system, copy via email, and a fax to John J. Tharp, Jr.

/s/ Pete R. Szmurlo

APPEAL,KIM,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.4) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-07099
## Internal Use Only

Szmurlo v. TK Elevator Corporation et al
Assigned to: Honorable John J. Tharp, Jr
related Case: <u>1:25-cv-09520</u>
Case in other court: Cook COunty, Illinois Circuit Court, Law
                         Division, 2025L006063
                         25-02713
Cause: 28:1331 Federal Question

Date Filed: 06/25/2025
Date Terminated: 08/27/2025
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Pete Szmurlo**

represented by  **Pete Szmurlo**
7951 Calumet Avenue
#1142
Munster, IN 46321
219-544-1724
Email: peterszmurlo@gmail.com
PRO SE

V.

**Defendant**

**TK Elevator Corporation**

represented by  **Danielle M. Kays**
Fisher & Phillips LLP
10 S. Wacker Drive
Suite 3450
Chicago, IL 60606
312-347-8160
Fax: 312-347-3179
Email: dkays@fisherphillips.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**International Union of Elevator
Constructors Local 2**

represented by  **Charles W Gilligan**
O Donoghue and O Donoghue LLP
4748 Wisconsin Ave NW
Washington, DC 20016
(202) 362-0041
Fax: Not a member
Email: cgilligan@odonoghuelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer R Simon**

O'donoghue & O'donoghue Llp
5301 Wisconsin Avenue Nw
8th Floor
Washington, DC 20015
(202) 362-0041
Fax: Not a member
Email: jsimon@odonoghuelaw.com
*ATTORNEY TO BE NOTICED*

**Tyler Lawrence McCaffery**
O'Donoghue & O'Donoghue, LLP
5301 Wisconsin Ave., NW
Suite 800
Washington, DC 20015
2156294970
Fax: Pro Hac Vice
Email: tmccaffery@odonoghuelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Elevator Industry Educational Program**            represented by **Matthew Patrick Kellam**
Laner Muchin Ltd.
515 N. State Street
Suite 2400
Chicago, IL 60654
312-467-9800
Fax: Active
Email: mkellam@lanerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles W Gilligan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer R Simon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Lawrence McCaffery**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joint Apprenticeship Committee of Local 2**            represented by **Matthew Patrick Kellam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles W Gilligan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer R Simon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Lawrence McCaffery**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Kone Elevator Inc.                    represented by    **Kristina Wright**
Ogletree, Deakins, Nash, Smoak & Stewart,
P.c.
155 North Wacker Drive
Suite 4300
Chicago, IL 60606
(312) 558-1236
Fax: Not a member
Email: kristina.wright@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard W. Warren**
Ogletree, Deakins, Nash, Smoak & Stewart,
PLLC
Ogletree, Deakins, Nash, Smoak & Stewart,
PLLC
34977 Woodward Avenue, Suite 300
48009-____
Birmingham, MI 48009
248-631-3679
Email: richard.warren@ogletree.com
*ATTORNEY TO BE NOTICED*

**Defendant**

Schindler Elevator Corp.              represented by    **Alan Max Bernover**
Quintairos, Prieto, Wood & Boyer
141 West Jackson Boulevard
Ste 1575
Chicago, IL 60604
312-566-0040
Email: Alan.Bernover@qpwblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Otis Elevator Co.                     represented by    **Timothy E Copeland , Jr**
Downs Rachlin Martin PLLC
132 Main St
Suite 212
Brattleboro, VT 05301
8024512318
Fax: Pro Hac Vice
Email: tcopeland@drm.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Krista Ann Gay**
Downs Rachlin Martin PLLC
132 Main Street
Suite 12
Brattleboro, VT 05301
802-451-2337
Email: KGay@drm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2025 | 1 | NOTICE of Removal from Cook County, Illinois Circuit Court, Law Division, case number (2025L006063) filed by International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation Filing fee $ 405, receipt number AILNDC-23672018. (Attachments: # 1 A - New Complaint, # 2 B - Original Complaint, # 3 C - Collective Bargaining Agreement)(Kays, Danielle) (Entered: 06/25/2025) |
| 06/25/2025 | 2 | CIVIL Cover Sheet (Kays, Danielle) (Entered: 06/25/2025) |
| 06/25/2025 | 3 | ATTORNEY Appearance for Defendant TK Elevator Corporation by Danielle M. Kays (Kays, Danielle) (Entered: 06/25/2025) |
| 06/26/2025 | 4 | MAILED Rule 77d Letter to Plaintff. (gcy, ) (Entered: 06/26/2025) |
| 06/26/2025 | 5 | ATTORNEY Appearance for Defendants Joint Apprenticeship Committee of Local 2, National Elevator Industry Educational Program by Matthew Patrick Kellam (Kellam, Matthew) (Entered: 06/26/2025) |
| 06/27/2025 | | CASE ASSIGNED to the Honorable Franklin U. Valderrama. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (Civil Category 2). (men, ) (Entered: 06/27/2025) |
| 07/01/2025 | 6 | MINUTE entry before the Honorable Franklin U. Valderrama: On or before 9/14/2025, the parties shall file a joint initial status report. A template for the Joint Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Valderrama's name and then again on the link entitled 'Joint Initial Status Report. The removing party must serve this Minute Entry on all other parties. If the opposing party has not been served with notice pursuant to 28 U.S.C. § 1446(d) by that date, the removing party's counsel is instructed to file an individual status report indicating the status of notice of removal by the same deadline. The parties are further ordered to review all of Judge Valderrama's standing orders and the information available on his webpage. Any nongovernmental corporate party that qualifies under the Rules is reminded of the requirement to file a disclosure statement under Federal Rule of Civil Procedure 7.1/N.D. Ill. Local Rule 3.2. Mailed notice. (jcm) (Entered: 07/01/2025) |
| 07/01/2025 | 7 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator |

| | | |
|---|---|---|
| | | CorporationDefendants' Joint Motion for Direct Assignment to Honorable John J. Tharp, Jr. Under Local Rule 40.3b2<br><br>(Kays, Danielle) (Entered: 07/01/2025) |
| 07/01/2025 | 8 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation for extension of time to file answer *or Otherwise Respond to Complaint*<br><br>(Kays, Danielle) (Entered: 07/01/2025) |
| 07/07/2025 | 9 | NOTICE by Pete Szmurlo re: Plaintiff's emergency motion to vacate removal (filed in Circuit Court) (Exhibits) (Received via pro se online portal on 7/7/25) (rp, ) (Entered: 07/09/2025) |
| 07/10/2025 | 10 | ATTORNEY Appearance for Defendant Kone Elevator Inc. by Kristina Wright (Wright, Kristina) (Entered: 07/10/2025) |
| 07/21/2025 | 11 | MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated therein, Defendants' motion for extension 8 is granted. By 08/08/2025, Defendants shall answer or otherwise respond to Plaintiff's complaint. Further, for the reasons stated therein, Defendants' motion for direct assignment 7 is granted. Pursuant to Local Rule 40.3(b)(2), this case is reassigned to Judge Tharp. See LR 40.3(b)(2) ("When a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned."). Mailed notice. (jcm) (Entered: 07/21/2025) |
| 07/24/2025 | 13 | PRO SE Appearance by Plaintiff Pete Szmurlo (Received via pro se online portal on 7/24/2025.) (men, ) (Entered: 07/29/2025) |
| 07/24/2025 | 14 | COMBINED MOTION by Plaintiff Pete Szmurlo for Recusal and Remand. (Exhibits) (Received via pro se online portal on 7/24/2025.)<br><br>(men, ) Modified on 7/29/2025 (men, ). (Entered: 07/29/2025) |
| 07/27/2025 | 15 | PREEMPTIVE MOTION by Plaintiff Pete Szmurlo for Protected Speech on Human Rights Violations to Barr Sanctions under *DOE V. HASTERT* Doctrine. (Received via pro se online portal on 7/27/2025)<br><br>(men, ) (Entered: 07/29/2025) |
| 07/28/2025 | 12 | ATTORNEY Appearance for Defendant Kone Elevator Inc. by Richard W. Warren (Warren, Richard) (Entered: 07/28/2025) |
| 08/04/2025 | 16 | COMBINED MOTION by Plaintiff Pete Szmurlo for recusal and remand (Exhibits) (Received via pro se online portal on 08/04/25.) (bi,) (Entered: 08/05/2025) |
| 08/04/2025 | 17 | NOTICE OF MOTION by Pete Szmurlo re 16 combined motion for recusal and remand (Received via pro se online portal on 08/04/25.) (bi, ) (Entered: 08/05/2025) |
| 08/04/2025 | 18 | NOTICE OF MOTION by Pete Szmurlo re 15 preemptive motion for Protected Speech on Human Rights Violations to Barr Sanctions under *DOE V. HASTERT* Doctrine. (Exhibit) (Received via pro se online portal on 08/04/25.) (bi,) (Entered: 08/05/2025) |
| 08/06/2025 | 19 | MINUTE entry before the Executive Committee: Case reassigned to the Honorable John J. Tharp Jr. for all further proceedings pursuant to Local Rule 40.3(b)(2). Mailed |

| | | |
|---|---|---|
| | | notice. (Attachments: # 1 Request for Reassignment) (bi,) Modified on 8/11/2025 (bi, ). (Entered: 08/06/2025) |
| 08/06/2025 | 20 | MOTION for Leave to Appear Pro Hac Vice on behalf of Otis Elevator Co. by Krista Ann Gay; Filing fee $ 150, receipt number AILNDC-23847473.<br><br>(Gay, Krista) (Entered: 08/06/2025) |
| 08/06/2025 | 21 | ATTORNEY Appearance for Defendant Otis Elevator Co. by Krista Ann Gay (Gay, Krista) (Entered: 08/06/2025) |
| 08/06/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice on behalf of Otis Elevator Co. by Timothy E Copeland, Jr; Filing fee $ 150, receipt number AILNDC-23847694.<br><br>(Copeland, Timothy) (Entered: 08/06/2025) |
| 08/06/2025 | 23 | ATTORNEY Appearance for Defendant Otis Elevator Co. by Timothy E Copeland, Jr (Copeland, Timothy) (Entered: 08/06/2025) |
| 08/06/2025 | 24 | *CORRECTED 22 on behalf of Otis Elevator Co., Pd Filing fee $150, receipt no. AILNDC-23847694* MOTION by Defendant Otis Elevator Co. for leave to appear as Pro Hac Vice *CORRECTED 22 on behalf of Otis Elevator Co., Pd Filing fee $150, receipt no. AILNDC-23847694*<br><br>(Copeland, Timothy) (Entered: 08/06/2025) |
| 08/06/2025 | 25 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator CorporationDefendants' Joint Motion for Injunctive Relief<br><br>(Attachments: # 1 Exhibit 1 - Original Complaint, # 2 Exhibit 2 - OSHA Original, # 3 Exhibit 3 - NLRB Charge, # 4 Exhibit 4 - CCHR Documents, # 5 Exhibit 5 - Order Dismissing Complaint, # 6 Exhibit 6 - Entry Concluding Case, # 7 Exhibit 7 - Notice of Appeal, # 8 Exhibit 8 - 7th Circuit Orders, # 9 Exhibit 9 - Dec 18 24 Complaint, # 10 Exhibit 10 - Minute Entry Dismissing Case, # 11 Exhibit 11 - Petition for Writ of Mandamus, # 12 Exhibit 12 - Order Denying Mandamus, # 13 Exhibit 13 - New Complaint, # 14 Exhibit 14 - Notice of Appeal, # 15 Exhibit 15 - June 13 25 Complaint, # 16 Exhibit 16 - June 23 25 Notice of Appeal, # 17 Exhibit 17 - July 9 25 Complaint, # 18 Exhibit 18 - Original Complaint Docket, # 19 Exhibit 19 - Motion for Triple Sanctions, # 20 Exhibit 20 - Combined MSJ and Sanctions, # 21 Exhibit 21 - Motion for Leave to File MSJ and Sanctions, # 22 Exhibit 22 - IDOL Wage Complaint, # 23 Exhibit 23 - IPPRA Complaint and Notice of Closure, # 24 Exhibit 24 - EEOC Charge, # 25 Exhibit 25 - 2025 OSHA Documents, # 26 Exhibit 26 - Order Denying Injunctive Relief, # 27 Appendix Apx 1 - Mohammed v. ICNA Relief USA)(Kays, Danielle) (Entered: 08/06/2025) |
| 08/07/2025 | 26 | ATTORNEY Appearance for Defendant National Elevator Industry Educational Program by Jennifer R Simon (Simon, Jennifer) (Entered: 08/07/2025) |
| 08/07/2025 | 27 | ATTORNEY Appearance for Defendant International Union of Elevator Constructors Local 2 by Jennifer R Simon (Simon, Jennifer) (Entered: 08/07/2025) |
| 08/07/2025 | 28 | ATTORNEY Appearance for Defendant Joint Apprenticeship Committee of Local 2 by Jennifer R Simon (Simon, Jennifer) (Entered: 08/07/2025) |
| 08/07/2025 | 29 | MOTION for Leave to Appear Pro Hac Vice on behalf of International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, National |

| | | |
|---|---|---|
| | | Elevator Industry Educational Program by Tyler Lawrence McCaffery; Filing fee $ 150, receipt number AILNDC-23852946.<br><br>(McCaffery, Tyler) (Entered: 08/07/2025) |
| 08/07/2025 | 30 | MOTION for Leave to Appear Pro Hac Vice on behalf of International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, National Elevator Industry Educational Program by Charles W Gilligan; Filing fee $ 150, receipt number AILNDC-23852980.<br><br>(Gilligan, Charles) (Entered: 08/07/2025) |
| 08/07/2025 | 31 | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Krista A. Gay's motion and Timothy E. Copeland, Jr.'s amended motion for leave to appear pro hac vice 20 24 are granted. (The original motion 22 is denied as moot.) Counsel are directed to file an appearance on behalf of the defendant, Otis Elevator Co. Mailed notice (air, ) (Entered: 08/07/2025) |
| 08/07/2025 | 32 | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Tyler McCaffery's and Charles Gilligan's motions for leave to appear pro hac vice 29 30 are granted. Counsel are directed to file appearances on behalf of the defendants, International Union of Elevator Constructors Local 2, National Elevator Industry Educational Program, and Joint Apprenticeship Committee of Local 2. Mailed notice (air, ) (Entered: 08/07/2025) |
| 08/07/2025 | 33 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation for leave to file excess pages<br><br>(Kays, Danielle) (Entered: 08/07/2025) |
| 08/08/2025 | 34 | ATTORNEY Appearance for Defendant International Union of Elevator Constructors Local 2 by Tyler Lawrence McCaffery (McCaffery, Tyler) (Entered: 08/08/2025) |
| 08/08/2025 | 35 | ATTORNEY Appearance for Defendant Joint Apprenticeship Committee of Local 2 by Tyler Lawrence McCaffery (McCaffery, Tyler) (Entered: 08/08/2025) |
| 08/08/2025 | 36 | ATTORNEY Appearance for Defendant National Elevator Industry Educational Program by Tyler Lawrence McCaffery (McCaffery, Tyler) (Entered: 08/08/2025) |
| 08/08/2025 | 37 | ATTORNEY Appearance for Defendant International Union of Elevator Constructors Local 2 by Charles W Gilligan (Gilligan, Charles) (Entered: 08/08/2025) |
| 08/08/2025 | 38 | ATTORNEY Appearance for Defendant Joint Apprenticeship Committee of Local 2 by Charles W Gilligan (Gilligan, Charles) (Entered: 08/08/2025) |
| 08/08/2025 | 39 | ATTORNEY Appearance for Defendant National Elevator Industry Educational Program by Charles W Gilligan (Gilligan, Charles) (Entered: 08/08/2025) |
| 08/08/2025 | 40 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation - *Joint Motion to Dismiss*<br><br>(Attachments: # 1 Exhibit New Complaint, # 2 Exhibit Collective Bargaining Agreement, # 3 Exhibit Original Complaint, # 4 Exhibit Original Complaint Docket, |

| | | |
|---|---|---|
| | | # 5 Exhibit Order Dismissing Original Complaint, # 6 Exhibit Entry Concluding Case, # 7 Exhibit Letters)(Kays, Danielle) (Entered: 08/08/2025) |
| 08/11/2025 | 41 | MOTION by Plaintiff Pete Szmurlo for leave to exceed page limits (Proposed Order) (Received via pro se online portal on 08/11/25.) (bi,) (Entered: 08/11/2025) |
| 08/11/2025 | 42 | OPPOSITION by Pete Szmurlo to defendants' joint motion for injunctive relief 25 (Exhibits) (Received via pro se online portal on 08/11/25.) (bi,) (Entered: 08/11/2025) |
| 08/12/2025 | 43 | MINUTE entry before the Honorable John J. Tharp, Jr:Defendants' motion for leave to file excess pages 33 and Plaintiff's motion for leave to file excess pages 41 are granted. Plaintiff's motions for remand, recusal, and miscellaneous injunctive relief 14 15 16 are taken under advisement; the Court will order the submission of response briefs should they be required. Defendants' joint motion for injunctive relief 25 and joint motion to dismiss 40 are taken under advisement. The Court has received the plaintiff's response to the motion for injunctive relief 42 ; reply due 8/25/25. The plaintiff's response to the motion to dismiss is due 8/18/25; reply due 8/25/25. Mailed notice (air, ) (Entered: 08/12/2025) |
| 08/14/2025 | 44 | MOTION by Plaintiff Pete Szmurlo for extension and II. Leave to file oversized pleading (Received via pro se online portal on 08/14/25.) (bi, ) (Entered: 08/14/2025) |
| 08/18/2025 | 45 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, National Elevator Industry Educational Program for sanctions<br><br>(Attachments: # 1 Proposed Order)(Simon, Jennifer) (Entered: 08/18/2025) |
| 08/18/2025 | 46 | MEMORANDUM by International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, National Elevator Industry Educational Program in support of motion for sanctions 45 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Simon, Jennifer) (Entered: 08/18/2025) |
| 08/18/2025 | 47 | AMENDED complaint by Pete Szmurlo against All Defendants (Received via pro se online portal on 8/18/2025)(rp, ) (Entered: 08/18/2025) |
| 08/18/2025 | 49 | RESPONSE by Pete Szmurlo to defendants' MOTION TO DISMISS 40 (Exhibits) (Received via pro se online portal on 08/18/25.) (bi,) (Entered: 08/19/2025) |
| 08/19/2025 | 48 | ATTORNEY Appearance for Defendant Schindler Elevator Corp. by Alan Max Bernover (Bernover, Alan) (Entered: 08/19/2025) |
| 08/20/2025 | 50 | APPENDIX 1 Exhibits by Pete Szmurlo (Received via pro se online portal on 08/20/25.) (bi,) (Entered: 08/20/2025) |
| 08/25/2025 | 51 | REPLY by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation *in Support of Joint Motion for Injunctive Relief* (Attachments: # 1 Exhibit 1 - First Amended Complaint, # 2 Exhibit 2 - Szmurlo Objection to Extension of Time)(Kays, Danielle) (Entered: 08/25/2025) |
| 08/25/2025 | 52 | REPLY by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation *in Support of Joint Motion to Dismiss Complaint* (Attachments: # 1 Exhibit 1 - Feb 4 2025 Order Denying Plaintiff's Motion to Remand)(Kays, Danielle) (Entered: 08/25/2025) |

| 08/27/2025 | 53 | ORDER Signed by the Honorable John J. Tharp, Jr on 8/27/2025: For the reasons outlined in the accompanying statement, the defendants' motion to dismiss 40 is granted and the defendants' motions for injunctive relief 25 and sanctions 45 are granted. The plaintiff's motions for recusal and remand 14 16 , extension 44 , and preliminary relief 15 are denied as moot. Final judgment order and sanctions order to follow. (For further details see order)Mailed notice(air, ) (Entered: 08/27/2025) |
|---|---|---|
| 08/27/2025 | 54 | SANCTIONS Order Signed by the Honorable John J. Tharp, Jr on 8/27/2025. Mailed notice(air, ) (Entered: 08/27/2025) |
| 08/27/2025 | 55 | JUDGMENT Order Signed by the Honorable John J. Tharp, Jr on 8/27/2025. Mailed notice(air, ) (Entered: 08/27/2025) |
| 09/17/2025 | 56 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporation to Clarify or Modify Injunction *[Joint]*<br><br>(Attachments: # 1 Memorandum in Support of Motion to Clarify or Modify Injunction, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order, # 5 Certificate of Service)(Simon, Jennifer) (Entered: 09/17/2025) |
| 09/24/2025 | 57 | COMBINED MOTION by Plaintiff Pete Szmurlo to alter or amend judgment under Fed. R. Civ.P.59(e) and for relief from judgment under Fed. R. Civ.P.60(b) (Exhibits) (Received via pro se online portal on 09/24/25.)<br><br>(bi,) (Entered: 09/25/2025) |
| 09/26/2025 | 58 | APPLICATION by Plaintiff Pete Szmurlo for leave to proceed in forma pauperis (Received via pro se online portal on 9/26/2025)<br><br>(men, ) (Entered: 09/26/2025) |
| 09/26/2025 | 59 | NOTICE of appeal by Pete Szmurlo regarding orders 19 , 53 , 54 , 55 , 56 (Received via pro se online portal on 09/26/25.) (bi,) (Entered: 09/29/2025) |
| 09/29/2025 | 60 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 59 (bi,) (Entered: 09/29/2025) |
| 09/29/2025 | 61 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 59 . Notified counsel. (bi,) (Entered: 09/29/2025) |
| 09/29/2025 | 62 | MOTION by Plaintiff Pete Szmurlo for Nunc Pro Tunc Determination (Received via pro se online portal on 09/26/25.) (bi,) (Entered: 09/29/2025) |
| 09/30/2025 | 63 | MINUTE entry before the Honorable John J. Tharp, Jr:The plaintiff's combined motion to amend judgment under Fed. R. Civ. P. 59(e) and for relief from judgment under Fed. R. Civ. P. 60(b) 57 is denied. The Court sees no manifest error of law with respect to either the dismissal of the case based on res judicata or to the award of sanctions in light of plaintiff's abusive litigation tactics. Plaintiff's motion for leave to proceed in forma pauperis 58 is denied as moot; this case was removed from state court so the removing parties paid the filing fee 1 . Mailed notice (air, ) (Entered: 09/30/2025) |
| 09/30/2025 | 64 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 59 ; USCA Case No. 25-2713. (bi,) (Entered: 09/30/2025) |
| 10/03/2025 | 65 | MINUTE entry before the Honorable John J. Tharp, Jr:CORRECTED ENTRY. The Court's order 63 is corrected to reflect that the ruling on Plaintiff's motion for leave to |

| | | |
|---|---|---|
| | | proceed in forma pauperis 58 should have been construed as a motion to proceed on appeal in forma pauperis and was therefore not moot. Nevertheless, the motion is denied. For the reasons set forth in the Court's order on 8/27/25 53 , the Court certifies that the appeal in this case is not taken in good faith. 28 U.S.C. § 1915(a)(3). Mailed notice (air, ) (Entered: 10/03/2025) |
| 10/03/2025 | 66 | MINUTE entry before the Honorable John J. Tharp, Jr:The plaintiff's motion for Nunc Pro Tunc determination 62 is denied as moot. The docket reflects that the Judgment Order was docketed on 8/27/25. Plaintiff's notice of appeal was filed on 9/26/2025 59 , which was within the 30-day period to file an appeal as stated in FRCP 4(a)(1)(A). Thus, as the notice of appeal was timely, the Court sees no basis for entering a nunc pro tunc determination. Mailed notice (air, ) (Entered: 10/03/2025) |
| 10/03/2025 | 67 | MINUTE ENTRY REMOVED PER COURT ORDER. (Entered: 10/03/2025) |
| 10/03/2025 | 68 | DOCUMENT removed per court order. (Entered: 10/03/2025) |
| 10/03/2025 | 69 | DOCUMENT REMOVED PER COURT ORDER. (Entered: 10/03/2025) |
| 10/15/2025 | 70 | CIRCUIT Rule 3(b) Fee Notice (bi,) (Entered: 10/15/2025) |
| 10/16/2025 | 71 | MINUTE entry before the Honorable John J. Tharp, Jr: The Court strikes Minute Entries 67 , 68 , and 69 . Defendant's motion to modify injunction 56 is denied without prejudice. When originally granted, the Defendant's motion for injunctive relief was narrowly tailored to address the Plaintiffs' repeated vexatious filings "arising out of Plaintiff's employment with TK Elevator" 25 . The requested modification is much broader, asking the Court to enjoin "any future lawsuits, claims, complaints or charges against any of the Defendants, and any of their attorneys and law firms, in any court, administrative agency or tribunal, whether state or federal" 56 . The Defendant's modified injunction is impermissibly overbroad, as it would unduly restrict Plaintiff's access to the courts and agencies for unrelated matters. Any injunction restricting plaintiff's future filings must be narrowly tailored to prevent duplicative or harassing litigation arising from the subject matter of the case and cannot categorically foreclose plaintiff's access to courts or administrative agencies for unrelated claims. See Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Illinois, 324 F. App'x 500, 502 (7th Cir. 2009) (stating that while "[c]ourts have ample authority to curb abusive filing practices by imposing a range of restrictionsa filing restriction must, however, be narrowly tailored to the type of abuse and must not bar the courthouse door absolutely"); see also Support Sys. Int'l v. Mack, 45 F.3d 185, 186 (7th Cir. 1995) (holding that "[a]ny sanction imposed by a federal court for the abuse of its processes be tailored to the abuse"). Mailed notice (air, ) (Entered: 10/16/2025) |
| 10/28/2025 | 72 | MOTION by Defendants International Union of Elevator Constructors Local 2, Joint Apprenticeship Committee of Local 2, Kone Elevator Inc., National Elevator Industry Educational Program, Otis Elevator Co., Schindler Elevator Corp., TK Elevator Corporationto Clarify or Modify Injunction *(Joint)* <br><br> (Attachments: # 1 Memorandum in Support of Motion to Clarify or Modify Injunction, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order, # 5 Certificate of Service)(McCaffery, Tyler) (Entered: 10/28/2025) |
| 10/29/2025 | 73 | NOTICE of appeal by Pete Szmurlo regarding orders 19 , 54 , 53 , 65 (Received via pro se online portal on 10/29/25.) (bi,) (Entered: 10/30/2025) |
| 10/30/2025 | 74 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 73 (bi,) (Entered: 10/30/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Pete Szmurlo

                              Plaintiff,

v.                                                          Case No.: 1:25−cv−07099
                                                            Honorable John J. Tharp Jr.

TK Elevator Corporation, et al.

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, October 3, 2025:

         MINUTE entry before the Honorable John J. Tharp, Jr:CORRECTED ENTRY.
The Court's order [63] is corrected to reflect that the ruling on Plaintiff's motion for leave
to proceed in forma pauperis [58] should have been construed as a motion to proceed on
appeal in forma pauperis and was therefore not moot. Nevertheless, the motion is denied.
For the reasons set forth in the Court's order on 8/27/25 [53], the Court certifies that the
appeal in this case is not taken in good faith. 28 U.S.C. § 1915(a)(3). Mailed notice(air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PETE SZMURLO, )
)
    Plaintiff, )  Case Nos.  25 C 7099
)        24 C 9900
    v. )        25 C 9525
)
TK ELEVATOR CORP., et al., )
)   Judge John J. Tharp, Jr.
    Defendants. )

## SANCTIONS ORDER

For the reasons set forth in the accompanying Order and Statement, ECF No. 53, the Court enters the following sanction pursuant to Federal Rule of Civil Procedure 11, Illinois Rule 137, and the Court's inherent authority:

1. The plaintiff is hereby enjoined from filing any future lawsuit in federal or state court arising from or in any way related to his termination from TK Elevator against any of the defendants named in the following cases: (i) 24-cv-9900; (ii) 24-cv-12986; (iii) 25-cv-7099; (iv) 25-cv-9520; and (v) 2025L007621.

2. Any lawsuits filed in violation of this Order shall be summarily dismissed.

3. In the event Plaintiff violates this order, he shall be ordered to pay reasonable costs, including attorney's fees, incurred by Defendants in responding to the same.

Date: August 27, 2025

John J. Tharp, Jr.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PETE SZMURLO,             )
                                )
          Plaintiff,       )
                                )
          v.               )      No. 25 C 07099
                                )
TK ELEVATOR Corp. et al.   )      Judge John J. Tharp, Jr.
                                )
          Defendants.    )
                                )

**ORDER**

For the reasons outlined in the accompanying statement, the defendants' motion to dismiss [40] is granted and the defendants' motions for injunctive relief [25] and sanctions [45] are granted. The plaintiff's motions for recusal and remand [14] [16], extension [44], and preliminary relief [15] are denied as moot. Final judgment order and sanctions order to follow.

**STATEMENT**

The history of this employment dispute has been described at length in the Court's orders in *Szmurlo v. TK Elevator Corp.*, No. 24-cv-09900 ("*Szmurlo I*"). *See generally* Order & Statement ("Recusal Order"), *Szmurlo I*, ECF No. 98; Order & Statement, *Szmurlo I* ("Remand Order"), ECF No. 108; Order & Statement, *Szmurlo I* ("Stay Order"), ECF No. 138; Order & Statement, *Szmurlo I* ("Dismissal Order"), ECF No. 156. To summarize, Plaintiff Pete Szmurlo was terminated by defendant TK Elevator Corp. ("TK Elevator") in July 2023. In the termination letter (and a preceding warning letter), the company cited chronic tardiness and absenteeism, refusal to take direction, and poor work performance. Company officials reiterated those reasons in a hearing before the Joint Apprenticeship Committee of the International Union of Elevator Constructors Local 2 (JAC). The other defendants in the case are former employers of the defendant and members of the JAC.

Szmurlo responded by suing his former employers and union for defamation and intentional infliction of emotional distress ("IIED") in Cook County Circuit Court. The defendants removed on the grounds that the plaintiffs' claims were preempted by the Labor Management Relations Act. After protracted litigation, this Court granted the defendants' motion to dismiss for failure to state a claim, dismissing the plaintiff's complaint without prejudice. *See* Dismissal Order 1; *see also* Minute Entry, *Szmurlo I*, ECF No. 165.

Rather than amend, the plaintiff filed a new lawsuit in Cook County Circuit Court. The defendants removed once again and filed the motion to dismiss now under review. *See* Defs.' Mot. to Dismiss ("Dismissal Motion"), ECF No. 40.

## 1. Motion to Dismiss

The defendants contend that the plaintiff's new complaint is barred by the doctrine of res judicata because it attempts to relitigate previously dismissed claims. Dismissal Motion 6-8. The Court agrees.

"Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). To invoke that doctrine, the defendants must establish "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quotations omitted).

The second and third prongs are not in doubt. All parties to this action were previously named. And the original action culminated in final judgment on the merits. *See* Judgment Order, *Szmurlo I*, ECF No. 167; *see also Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("[W]hen a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one").

The first prong of the res judicata analysis is also met. The Seventh Circuit has "consistently explained [that] two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (quotations omitted) (collecting cases). The operative complaint cements itself in the same facts that gave rise to the first action: TK Elevator's termination of Szmurlo and statements subsequently explaining the basis for that decision. Indeed, the complaint acknowledges as much, expressly "integrat[ing] all factual allegations from the [previous] filings" and alleging claims that "aris[e] from the identical core facts pleaded in the Original Complaint." Am. Compl. 3 ¶¶ 8-9, ECF No. 47. The fact that the plaintiff affixed novel labels to his claim is immaterial. "[D]ifferent legal theories [] do not multiply the number of claims for relief. One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). Accordingly, "even if [the plaintiff's] legal theory changed between the first and second suits, both cases alleged wrongful [termination] and thus shared the same core factual basis for res judicata purposes." *Barr v. Bd. of Trustees of Western Ill. Univ.*, 796 F.3d 837, 841 (7th Cir. 2015); *see also id.* at 840 (finding that a plaintiff's new theory for the reason behind their termination did not affect the res judicata analysis because "both suits arise out of the same main event"); *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or

events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata.").

Even if the plaintiff had alleged a new claim, his complaint would still be barred. "Where it applies, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not." *Palka*, 662 F.3d at 437. All alleged misconduct occurred well in advance of the original complaint and could have been included—or, at the very least, included in a timely amendment. The Court offered an opportunity to amend that was never accepted. *See* Dismissal Order 1. The plaintiff may not resurrect his claims at this late juncture, long after the window for amendment has closed and final judgment as been entered.

Because each named party appeared in the Original Action, that action culminated in final judgment on the merits, and all claims in the operative complaint arise from the same factual allegations at issue in the Original Action, the plaintiff's complaint is barred by the doctrine of res judicata. The complaint is therefore dismissed with prejudice.

## 2. Motion for Sanctions

The defendants separately move to enjoin the plaintiff from future filings, contending that the plaintiff has engaged in "abusive litigation [that] is harassing, vexatious and oppressive [and] clearly brought without reasonable inquiry and for improper purposes." Defs.' Mem. in Supp. of Sanctions 1, ECF No. 46.

Rule 11 requires litigants to certify that their filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Litigants must also certify that that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.* 11(b)(2). Upon notice and opportunity to be heard, courts may "impose an appropriate sanction" on a party who files in violation of those rules. *Id.* 11(c)(1). Courts also possess "inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotations omitted).

The Court's inherent and codified authority to sanction abusive litigation practices includes the authority to enjoin further vexatious filings. *See Carr*, 591 F.3d at 920-21 (noting that filing injunctions "are standard remedies for misconduct in litigation"); *In re Anderson*, 511 U.S. 364, 365 (1994) ("bar[ring] [a] petitioner from filing any further requests" after multiple frivolous filings); *In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007). "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to . . . restrict[] that litigant's access to the court." *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) (quotations omitted). Such remedies are considered extraordinary, *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017),

and courts must take care to balance their "obligation to protect and preserve the sound and orderly administration of justice" with the plaintiff's "undeniable right of access to the court's processes," *Lysiak*, 816 F.2d at 313.

The plaintiff's conduct in this and the parallel cases warrants a filing injunction. The record before this Court documents a sustained and escalating pattern of frivolous and abusive litigation on the part of the plaintiff. That pattern began with the original lawsuit. *See Szmurlo I*, No. 1:24-cv-09900 (N.D. Ill. Oct. 10, 2024). After the Court denied the plaintiff's motion for a temporary restraining order, *see* Minute Entry, *Szmurlo I*, ECF No. 66, the plaintiff inundated the docket with a flood of repetitive and meritless filings. In the span of a few months, the plaintiff submitted more than twenty motions, including serial motions to remand, recuse, reconsider, sanction, stay, and vacate. The plaintiff appealed to the Seventh Circuit, despite clear precedent that TRO denials are not appealable. *See Szmurlo II*, No. 24-3202 (7th Cir. Dec. 3, 2024). When that appeal was, predictably, dismissed, *see id.* at ECF No. 12, the plaintiff continued to flood the appellate docket with additional motions, including one for "triple sanctions" against opposing counsel for fraud, perjury, and deceit. *Id.* at ECF No. 16. The Seventh Circuit summarily denied all motions and warned that "further repetitive or excessive filings may result in sanctions." *Id.* at ECF Nos. 18-19.

Plaintiff ignored that warning. Instead, he proceeded to file fifteen more motions in this Court, open a new Seventh Circuit case, and petition for a writ of mandamus. *Szmurlo I*, ECF Nos. 143-148, 150-154, 158, 161-164, 169, 172; *Szmurlo IV*, No. 25-1461 (7th Cir. Mar. 19, 2025). When those tactics failed, the plaintiff escalated by suing those who ruled against him. In December 2024, he filed a lawsuit against the Court, courtroom deputy, and TK Elevator's counsel, alleging a conspiracy to violate his constitutional rights. *See Szmurlo III*, No. 1:24-cv-12986 (N.D. Ill. Dec. 18, 2024) (dismissed on 2/28/25). In yet another appeal, he accused the Seventh Circuit of "complicit[y] in judicial sabotage. *See Szmurlo VI*, No. 25-1941 (7th Cir. June 2, 2025), ECF No. 21. Separately, the plaintiff named two Seventh Circuit judges in a lawsuit filed in Cook County, explaining that he was suing the judges "PERSONALLY for ultra vires acts executed in Chicago to sabotage" his claim and "*hold[] federal judges accountable for starvation torture and [] state-facilitated attempted murder.*" *Szmurlo VII*, Case No. 1:25-cv-09525 (Aug. 11, 2025), ECF No. 1-1 (emphasis in original). In yet another lawsuit, also initiated in Cook County, the plaintiff again sued the Court, court reporter, defense counsel, and the Northern District of Illinois itself, alleging "felony eavesdropping," "civil rights conspiracy," and "wire fraud" on the theory that court personnel improperly prepared transcripts. *Szmurlo VIII*, No. 1:25-cv-09520 (N.D. Ill. Aug. 11, 2025), ECF No. 1-1.

Meanwhile, the plaintiff attempted to relitigate his dismissed claim in the original action through a broadside of meritless filings. Seeking to bypass this Court's rulings, the plaintiff reasserted his claim in Cook County, conjuring novel and unsupported legal theories from a stale set of facts. *See Szmurlo IX*, No. 2025L007621 (Cook Cnty. Cir. Ct. July 24, 2025). That attempt,

like the others, was devoid of any factual or legal basis and represents yet another effort to weaponize litigation against anyone associated with his prior cases.

Taken together, Plaintiff's conduct reveals a consistent pattern: (1) filing frivolous motions that recycle rejected arguments; (2) suing judges, staff, and counsel in retaliation for adverse rulings; (3) leveling baseless and inflammatory accusations of fraud, perjury, and physical harm on the part of the judiciary; and (4) ignoring judicial warnings while continuing to file duplicative and vexatious pleadings. These actions have consumed the resources of the defendants and the judiciary, caused unnecessary delay and expense, and undermined the orderly administration of justice. Worse, the filings have not been grounded in law or fact, but instead reflect a strategy of harassment, obstruction, and retaliation against adverse rulings. In light of the plaintiff's clear and sustained record of frivolous, bad-faith litigation, an injunction barring him from filing any future lawsuit arising from his termination from TK Elevator against any of the defendants named in the following cases: (i) 24-cv-9900; (ii) 24-cv-12986; (iii) 25-cv-7099; (iv) 25-cv-9520; and (v) 2025L007621. *See Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Carr*, 591 F.3d at 920-21 (observing that filing injunctions "are standard remedies" for such litigation misconduct).

It will be noted that this filing bar extends to filings in state court. Federal courts possess authority under their inherent powers, as well as under the All Writs Act, to "enjoin litigation in another court" when "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017). Given the plaintiff's well-documented history of abusing the federalized system to obstruct, resist, and ignore court orders, a blanket prohibition on the initiation of lawsuits against the defendants that applies across jurisdictions is "necessary . . . to protect or effectuate [the Court's] judgments" going forward. 28 U.S.C. § 2283; *see also Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015) (noting that federally issued litigation injunctions extending to state courts must comply with that requirement of the Anti-Injunction Act). Extending the bar to state court filings is particularly necessary here because much of the frivolous and vexatious litigation conducted by the plaintiff was in furtherance of his efforts to defeat removal of cases originally filed in state court. While such a broad remedy is severe, no lesser measure would be proportional to—or effective in light of—the plaintiff's flagrant abuse of the judicial process.

Because this action is barred by res judicata, the plaintiff's conduct violates Rule 11, and injunctive relief is necessary to protect and effectuate the Court's judgments, the complaint is dismissed with prejudice and the plaintiff is enjoined from filing a future action arising from his termination from TK Elevator against any of the defendants named in his prior filings.

\*　　　\*　　　\*

The integrity of our justice system rests on a foundational tenet: Outcomes should reflect the strength of a party's position on the merits. When the losing side refuses to accept an adverse decision, that tenet is jeopardized. When that side resorts to weaponizing the litigation process to impose costs on the winner, it is turned upside down. The plaintiff has treated his legal filings like shrapnel—pointless and erratic projectiles hurled in every direction in a deliberate attempt to maximize harm. That approach is fundamentally inconsistent with both Rule 11 and the principles of professional, adversarial presentation upon which it is premised. It ends now.

Date: August 27, 2025

John J. Tharp, Jr.
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Pete Szmurlo

                          Plaintiff,

v.                                     Case No.: 1:25−cv−07099
                                    Honorable John J. Tharp Jr.

TK Elevator Corporation, et al.

                          Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 6, 2025:

       MINUTE entry before the Executive Committee: Case reassigned to the Honorable John J. Tharp Jr. for all further proceedings pursuant to Local Rule XX. 40.3(b)(2). Mailed notice. (bi,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



# United States District Court
# Northern District of Illinois

In the Matter of

Pete Szmurlo

v.

TK Elevator Corporation, et. al.

District Judge John J. Tharp Jr.

Case No. 25-CV-7099

Designated Magistrate Judge
Young B. Kim

### TRANSFER OF CASE TO THE EXECUTIVE COMMITTEE
### FOR A REASSIGNMENT

    The above captioned case is currently pending on my calendar. I request the Executive Committee that this case be reassigned to the calendar of Judge John J. Tharp Jr.. The reason for my request are indicated on the bottom of this form.

_____

**Judge Franklin U. Valderrama**

Date: Wednesday, August 6, 2025

---

## Reason(s) For Recommendation:

- 40.3(b)(2) This case appears to involve the same parties and subject matter as case number 1:24-cv-9900 assigned to the calendar of Judge John J. Tharp Jr. and dismissed prior to the filing of this case.

Dated: Wednesday, August 6, 2025

District Reassignment - Named Judge

................................................................................................................................................................................

EXCEPTIONS OR ADDITIONS: